IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JUANITA RAMOS, ET AL., § | |
|     Plaintiffs, § | |
| § | |
| v. § | |
| § | CIVIL ACTION NO. 2-05-CV-478 (TJW) |
| WAL-MART STORES EAST, INC., ET § | |
| AL., § | |
|     Defendants. § | |
| § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Wal-Mart Stores, Inc., Wal-Mart Stores East LP, Wal-Mart Stores, Inc., d/b/a Wal-Mart Stores ("Wal-Mart") Motion to Transfer Venue (#8). Having considered the parties' written submissions, the Court DENIES the motion.

**I.     Introduction**

On October 13, 2005, Juanita Ramos *et al.* ("Ramos") filed this negligence and products liability lawsuit in the Eastern District of Texas arising out of an injury from the use of Neomycin/Polymyxin/Hydrocortisone Otic ("NPHc/Otic"). According to Ramos, Wal-mart negligently filled her prescription with NPHc/Otic rather than the prescribed Nemycin/Polmyxin/Hydrocortisone Opthalmic ("NPHc/Opthalmic"). Ramos also has product liability claims against defendants Alcon Laboratories, Inc. ("Alcon") and Falcon Pharmaceuticals, Ltd. ("Falcon") for manufacturing and distributing an unreasonably dangerous product - the NPHc/Otic - due to the excessive levels of Thimerosal present in the solution. Wal-Mart, but none of the other defendants, has moved to transfer this case to the Western District of Oklahoma.

## II.     Applicable Law

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The first determination to be made under 28 U.S.C. § 1404(a) is whether the claim could have been filed in the judicial district to which transfer is sought. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir.2004). If so, under section 1404(a), a court examines "the convenience of the parties and witnesses." *Id*. The convenience determination involves examining several private and public interest factors, none of which is given dispositive weight. *Id*.

The private factors include:

(1) the relative ease of access to sources of proof;

(2) the availability of the compulsory process to secure witnesses' attendance;

(3) the willing witnesses' cost of attendance; and

(4) all other practical problems that make the case's trial easy, expeditious, and inexpensive.

*Id*.

The public factors include:

(1) the administrative difficulties flowing from court congestion;

(2) the local interest in having local issues decided at home;

(3) the forum's familiarity with the governing law; and

(4) the avoidance of unnecessary conflict of law problems involving foreign law's application.

*Id*.

A court should also consider the plaintiff's forum choice, but the plaintiff's choice of forum, by itself, is not conclusive or determinative. *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir.2003); *Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F.Supp.2d 567, 571

(E.D.Tex.2004) (Folsom, J.). A court must consider these factors in light of all the claims alleged in the case and not restrict its analysis to the plaintiff's claims. *In re Volkswagen*, 371 F.3d at 204. The Court will not consider the location of the parties' counsel as this factor is not applicable to determining whether transfer is appropriate. *In re Volkswagen*, 371 F.3d at 204.

### III.  Venue in the Northern District of Texas

Federal jurisdiction of this case is premised on diversity jurisdiction. Therefore, this case could have been brought in: (1) a judicial district in which any defendant resided if all defendants resided in the same district; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a judicial district in which a substantial part of the property at issue was located; or (3) if there is no other district in which the action could have been brought, in a judicial district in which any defendant was subject to personal jurisdiction when the action was commenced. 28 U.S.C. § 1391(a).

Ramos does not dispute that this case could have been brought in the Western District of Oklahoma. Wal-Mart and the other defendants have sufficient contacts with Oklahoma to make jurisdiction proper in that venue. As it is apparent that this case could have been brought in the Western District of Oklahoma, the Court turns to the public and private interest factors.

### IV.  Application of the Transfer Factors

The transfer factors must be applied to all claims brought in this case. *See In re Volkswagen*, 371 F.3d at 204. This case involves claims that some defendants manufactured and sold a product with design and manufacturing defects and that these defendants breached express and implied warranties related to those products. This case also involves claims that Wal-Mart negligently filled her prescription of NPHc/Opthalmic with NPHc/Otic. After review of all the factors, the Court finds

that the reasons to transfer the case are outweighed by the reasons to retain the case in the Eastern District. Therefore, the Court denies Wal-Mart's motion.

The Private Factors

(1) *The plaintiff's forum choice*.

While the plaintiff's forum choice is neither controlling nor determinative, it is a factor to be considered. *In re Horseshoe Entm't*, 337 F.3d at 434. Although Plaintiffs reside in the Western District of Oklahoma, Plaintiffs chose to bring their suit in the Eastern District of Texas. Accordingly, this factor weighs against transfer.

(2) *The relative ease of access to sources of proof*.

Proof relating to the products' design and manufacture is not located in Oklahoma. This information is principally located in the DFW Metroplex. Specifically, Alcon and Falcon are located closer to Marshall, Texas than they are to Oklahoma City, Oklahoma. The limited amounts of documentary evidence located at the Oklahoma Wal-Mart will be small and can be easily sent to Marshall, Texas - especially in light of modern means of communication and discovery procedures. *See Langston v. Cbeyond Communication*, LLC, 282 F. Supp. 2d 504 (E.D. Tex. 2003). As the product liability sources of proof appear to be closer to Marshall, Texas and the relatively small amount of documents located in Oklahoma can be easily sent to Marshall, Texas, this factor weighs against transfer.

(3) *The availability of the compulsory process to secure witnesses' attendance*.

The vast majority of witnesses not located in Texas are employees of a party. As such, securing these witnesses attendance should not provide much difficulty. However, to the extent there are any third-party witnesses who are not subject to compulsory process, this factor would weigh in

favor of transfer.

(4) *The willing witnesses' cost of attendance.*

Although Marshall does not have an airport, Marshall is approximately 60 miles from Tyler, Texas, which has an airport with daily flights to and from DFW Airport. Marshall is approximately 40 miles from Shreveport, Louisiana, which also has an airport with daily flights to and from DFW.

Wal-mart offers some names of witnesses who would be more inconvenienced by traveling to Marshall, Texas than to Oklahoma City, Oklahoma. However, the Court is required to consider more than just the witnesses of Wal-Mart. The Court is required to look at the relative cost of attendance for all witnesses. It is more convenient for witnesses from Alcon and Falcon to travel to Marshall, Texas as these corporations are located in the DFW Metroplex.

Thus, this factor is neutral as to transfer.

(5) *All other practical problems that make the case's trial easy, expeditious, and inexpensive.*

The accident occurred in 2005. This Court has not yet set this case for a scheduling conference. Neither party has offered any evidence that there are practical problems associated with this Court or that of Oklahoma City, Oklahoma. Accordingly, this factor is neutral as to transfer.

The Public Factors

(1) *The administrative difficulties flowing from court congestion.*

Neither party addressed this factor in great detail. Wal-Mart has offered no proof that this Court's congestion is markedly different than that of Oklahoma City, Oklahoma. There is no evidence indicating that if the case were transferred to Oklahoma City, Oklahoma that it would take substantially longer to get to trial. Thus, to the extent this factor favors transfer, it does so only marginally.

(2) *The local interest in having local issues decided at home.*

At the outset, the Court recognizes that residents of this district have an interest in protecting its citizens from potentially dangerous products. Wal-Mart argues that there is no interest in this district regarding this dispute. Ramos argues that Wal-Mart has a significant presence in the Eastern District of Texas and that the product issues as well as the method by which Wal-Mart stores fills prescriptions is a concern of the residents of the Eastern District.

While the Court recognizes that the residents of this district have an interest in protecting its citizens from a dangerous product, the residents of Oklahoma have a greater interest in protecting its citizens from negligent filling of prescriptions that take place within their district. On these facts, the Court finds that this factor favors transfer.

(3) *The forum's familiarity with the governing law.*

This Court is very familiar with the governing law regarding negligence and products liability. Thus, this factor is neutral as to transfer.

(4) *The avoidance of unnecessary conflict of law problems involving foreign law's application.*

Because the current and potential forum are not located within the state of Texas, there are potential conflicts of law. To the extent these conflicts arise, they would favor transfer.

V.   **Conclusion**

After weighing all the factors, the Court finds that a transfer is not warranted. Accordingly, the Court denies Wal-Mart's motion.

SIGNED this 4th day of January, 2006.

_T. John Ward_
T. JOHN WARD
UNITED STATES DISTRICT JUDGE